UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

KEVIN MARK STREETER, JR.
a/k/a "Big Dog"

CASE NO. 8:22-cr-91-KKM-cpt
18 U.S.C. § 371
18 U.S.C. § 641
18 U.S.C. § 1028A

### INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Conspiracy)

**A.   Introduction**

At times material to this Indictment:

1. KEVIN MARK STREETER, JR. ("STREETER"), a/k/a "Big Dog," was a resident of Hillsborough County, Florida, which is within the Middle District of Florida.

2. STREETER was employed at a United States Postal Service mail processing center in Sarasota County, Florida, which is within the Middle District of Florida.

3. T.C. was a resident of the Middle District of Florida.

4. The United States Department of Treasury was a department within the executive branch of the federal government of the United States, and responsible for,

among other things, issuing federal tax refund checks ("Treasury checks") to taxpayers whose tax liability was less than their taxes paid.

5. A "means of identification" was any name or number that could be used alone or in conjunction with any other information, to identify a specific person, including the name of that person.

### B. The Conspiracy

6. Beginning on an unknown date, but no later than in or around November 2016, through and in or around March 2017, in the Middle District of Florida and elsewhere, the defendant,

> KEVIN MARK STREETER, JR.,
> a/k/a "Big Dog,"

did knowingly and willfully conspire, combine, confederate, and agree with others, known and unknown to the Grand Jury, to commit certain offenses, to wit:

    a.    theft of government property, in violation of 18 U.S.C. § 641; and

    b.    aggravated identity theft, in violation of 18 U.S.C. § 1028A.

### C. Manner and Means of the Conspiracy

7. The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, among others, the following:

    a.    It was part of the conspiracy that the conspirators would and did obtain genuine Treasury checks issued to taxpayers other than themselves, knowing that such checks did not belong to them and without the permission or authority of the taxpayers or the United States Department of Treasury.

  b. It was further part of the conspiracy that conspirator STREETER would and did steal Treasury checks from the United States Postal Service mail processing center.

  c. It was further part of the conspiracy that conspirator STREETER would and did transfer such Treasury checks to other conspirators, including T.C., in exchange for money, other things of value, and proceeds from the sale of those checks to others.

  d. It was further part of the conspiracy that conspirators would and did offer for sale such Treasury checks in exchange for money and other things of value.

  e. It was further part of the conspiracy that conspirators would and did misrepresent, conceal, hide and cause to be misrepresented, concealed, and hidden, acts done in furtherance of the conspiracy and the purpose of those acts.

### D. Overt Acts

8. In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed in the Middle District of Florida and elsewhere:

  a. In or around February 2017, STREETER stole a Treasury check dated February 10, 2017, issued to G.G., and transferred it to T.C.;

  b. In or around March 2017, STREETER stole a Treasury check dated March 6, 2017, issued to M.P.M., and transferred it to T.C.;

3

    c.    In or around March 2017, STREETER stole a Treasury check dated March 7, 2017, issued to D.L.M. and D.E.M., and transferred it to T.C.; and

    d.    In or around March 2017, STREETER stole a Treasury check dated March 7, 2017, issued to C.A. and M.A., and transferred it to T.C.

All in violation of 18 U.S.C. § 371.

## COUNTS TWO AND THREE
### (Theft of Government Property)

Beginning on an unknown date, but no later than on or about March 10, 2017, in the Middle District of Florida and elsewhere, the defendant,

**KEVIN MARK STREETER, JR.,**
a/k/a "Big Dog,"

did knowingly and willfully embezzle, steal, purloin, and convert to the defendant's use and the use of another, more than $1,000 of money and things of value of the United States and the United States Treasury, a department and agency of the United States, that is, the U.S. Treasury checks detailed below, with the intent to deprive the United States and the United States Treasury of the use and benefit of the money and things of value.

| COUNT | DATE CHECK ISSUED | VICTIMS | AMOUNT OF CHECK |
|---|---|---|---|
| TWO | March 7, 2017 | D.L.M. and D.E.M. | $7,908.00 |
| THREE | March 7, 2017 | C.A. and M.A. | $6,095.00 |

In violation of 18 U.S.C. §§ 641 and 2.

4

## COUNT FOUR
### (Aggravated Identity Theft)

Beginning on an unknown date, but no later than on or about March 10, 2017, in the Middle District of Florida and elsewhere, the defendant,

KEVIN MARK STREETER, JR.,
a/k/a "Big Dog,"

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, specifically, the names of D.L.M. and D.E.M., during and in relation to a felony violation of theft of government property, in violation of 18 U.S.C. § 641, as charged in Count Two of this Indictment, knowing that such means of identification belonged to actual persons.

In violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

## COUNT FIVE
### (Aggravated Identity Theft)

On or about March 9, 2017, in the Middle District of Florida and elsewhere, the defendant,

KEVIN MARK STREETER, JR.,
a/k/a "Big Dog,"

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, specifically, the names of C.A. and M.A., during and in relation to the felony offense of theft of government property, in violation of 18 U.S.C. § 641, as charged in Count Three of this Indictment, knowing that such means of identification belonged to actual persons.

In violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

## **FORFEITURE**

1. The allegations contained in Counts One through Three of this Indictment are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 641, or a conspiracy to violate section 641 (18 U.S.C. § 371), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
Jennifer L. Peresie
Assistant United States Attorney

By: _____
Rachelle DesVaux Bedke
Assistant United States Attorney
Chief, Economic Crimes Section

FORM OBD-34
March 22

No. _____

# UNITED STATES DISTRICT COURT
## Middle District of Florida
## Tampa Division

THE UNITED STATES OF AMERICA

vs.

KEVIN MARK STREETER, Jr. a/k/a "Big Dog"

## INDICTMENT

Violations: 18 U.S.C. §§ 371, 641, 1028A

A true bill,

_____
Foreperson

Filed in open court this <u>8th</u> day of March 2022.

_____
Clerk

Bail $_____

GPO 863 525